1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   REGINALD R. BOLDEN,

11         Plaintiff,                          No. 2:09-cv-00787 KJN

12         v.

13   MICHAEL J. ASTRUE,                        ORDER
     Commissioner of Social Security,

14
           Defendant.
15   _____/

16         Plaintiff seeks judicial review of a final decision of the Commissioner of Social

17   Security ("Commissioner") denying plaintiff's applications under Title XVI of the Social

18   Security Act, 42 U.S.C. §§ 1381 et seq. (the "Act").[1]  In his motion for summary judgment,

19   plaintiff contends that the Administrative Law Judge ("ALJ") erred by:  (1) failing to properly

20   credit the opinions of certain physicians; (2) improperly rejecting plaintiff and his third party

21   witness's statements; (3) failing to properly question the vocational expert and credit that

22   expert's testimony; and (4) identifying jobs inconsistent with the dictionary of occupational titles.

23   _____

24         [1]  This case was referred to the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(15) and 28 U.S.C. § 636(c), and both parties have voluntarily consented to
25   proceed before a United States Magistrate Judge, 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 73;
     Local Rule 301.  (Dkt. Nos. 7, 9.)  This case was reassigned to the undersigned by an order
26   entered February 9, 2010.  (Dkt. No. 14.)

1    (Dkt. No. 18 at 2.)  The Commissioner filed an opposition to plaintiff's motion for summary

2    judgment.[2]  (Dkt. No. 22.)

3               After careful consideration of the entire record, the arguments presented, and for

4    the reasons stated below, the court will grant plaintiff's request for remand.

5    I.      BACKGROUND

6            A.      Procedural Background

7               On April 29, 2005, plaintiff filed an application for supplemental security income

8    disability benefits alleging disability beginning on June 1, 2001.  (Administrative Transcript

9    "AT" 30, 81.)  The Social Security Administration denied plaintiff's application initially and

10   upon reconsideration.  (AT 51-62.)  Plaintiff filed a timely request for a hearing, and the ALJ

11   conducted a hearing on December 18, 2007.  (AT 208-40.)  Plaintiff, who was represented by

12   counsel, testified at the hearing.  (Id.)  Susan Moranda, an impartial vocational expert, also

13   testified at the hearing.  (AT 30.)

14              In a decision dated March 27, 2008, the ALJ denied plaintiff's application for

15   benefits, finding he was not disabled within the meaning of the Social Security Act.[3]  (AT 27-

16

17          [2]   The Commissioner's brief is entitled "DEFENDANT'S OPPOSITION TO
     PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT," and does not expressly move for
18   summary judgment on plaintiff's claims.  (See generally Dkt. No. 22; Scheduling Order at 1
     ("Within 30 days after plaintiff's motion for summary judgment and/or remand is served,
19   defendant shall file any opposition, including cross motions."), Dkt. No. 4.)  Notwithstanding the
     absence of any express cross-motion for summary judgment by the Commissioner, the
20   undersigned will construe the Commissioner's brief as including such a cross-motion in light of
     the fact that the Commissioner's brief requests only that the ALJ's decision be affirmed.

21
            [3]   Disability Insurance Benefits are paid to disabled persons who have contributed to the
22   Social Security program, 42 U.S.C. §§ 401 et seq.  Generally speaking, SSI is paid to disabled
     persons with low income.  42 U.S.C. §§ 1382 et seq.  Under both benefit structures, the term
23   "disability" is defined, in part, as an "inability to engage in any substantial gainful activity" due
     to "any medically determinable physical or mental impairment which can be expected to result in
24   death or which has lasted or can be expected to last for a continuous period of not less than
     twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A five-step sequential evaluation
25   governs eligibility for benefits.  See 20 C.F.R. §§ 404.1520, 404.1571-1576, 416.920,
     416.971-976; see also Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  The Ninth Circuit Court
26   of Appeals has summarized the sequential evaluation as follows:

1  43.)  Plaintiff filed an appeal with the Appeals Council for the Social Security Administration.

2  The Appeals Council, by order dated January 21, 2009, granted review but rendered an

3  unfavorable decision to plaintiff.  (AT 5-10.)  Plaintiff sought judicial review pursuant to 42

4  U.S.C. § 405(g).

5          B.        Summary of Relevant Medical History and Evidence[4]

6                  In his application for disability benefits, plaintiff claimed that diabetes and high

7  blood pressure limited his ability to work.  (AT 75.)  Plaintiff previously filed an application for

8  SSI payments on March 24, 2003.  (AT 30.)  That application was dismissed by order of

9  Administrative Law Judge Robert Ryan.  (Id.)  At the time of the hearing currently at issue,

10  plaintiff was 33 years old.  (AT 42.)

11                  On February 1, 2006, Dr. Joseph M. Garfinkel, M.D., examined plaintiff

12

13                  Step one:  Is the claimant engaging in substantial gainful
             activity?  If so, the claimant is found not disabled.  If not, proceed
14           to step two.
                    Step two:  Does the claimant have a "severe" impairment?
15           If so, proceed to step three.  If not, then a finding of not disabled is
             appropriate.
16                  Step three:  Does the claimant's impairment or combination
             of impairments meet or equal an impairment listed in 20 C.F.R., Pt.
17           404, Subpt. P, App.1?  If so, the claimant is automatically
             determined disabled.  If not, proceed to step four.
18                  Step four:  Is the claimant capable of performing his past
             work?  If so, the claimant is not disabled.  If not, proceed to step
19           five.
                    Step five:  Does the claimant have the residual functional
20           capacity to perform any other work?  If so, the claimant is not
             disabled.  If not, the claimant is disabled.
21
     Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).
22
          The claimant bears the burden of proof in the first four steps of the sequential evaluation
23   process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential
     evaluation process proceeds to step five.  Id.
24
          [4]   Because the parties are familiar with the factual background of this case, including
25   plaintiff's medical history, the undersigned does not exhaustively relate those facts here.  The
     facts related to plaintiff's impairments and medical history will be addressed only insofar as they
26   are relevant to the issues presented by the parties' respective motions.

1    following his application for benefits.  During this internal medicine consultative examination,

2    Dr. Garfinkel issued the following diagnostic impressions:

3            1.      Diabetes mellitus type II, does not cause any disability.
             2.      Hypertension with very good control, 104/70.
4            3.      Back pain with normal back examination.

5    Dr. Garfinkel opined that from "an internal medicine standpoint, the claimant is without

6    restriction."  (AT 142.)

7            Plaintiff underwent a psychiatric consultative examination on January 27, 2007

8    with Dr. Lyle Forehand, M.D.  (AT 158.)  Following his examination, Dr. Forehand found that

9    plaintiff had a Global Assessment of Functioning ("GAF") score of 51.[5]  Dr. Forehand opined

10   that plaintiff's "primary issue is one of diabetes and his adjustment to that."  (AT 161.)  He stated

11   that plaintiff would "likely have interruptions from his psychiatric symptoms during a normal

12   workday or workweek until he better accepts and learns to cope with the diagnosis of his serious

13   physical illness."  (AT 162.)

14           On February 21, 2007, plaintiff received a residual functional capacity ("RFC")

15   assessment from a State agency physician.  (AT 173-79.)  This medical reviewer concluded that

16   plaintiff had a moderate degree of limitation in maintaining his social functioning and

17   maintaining concentration, persistence or pace.  (Id.)  He also found that plaintiff was

18   "moderately limited" in his ability to complete a normal workweek without interruption from

19   psychologically based symptoms.  (AT 178.)

20           Plaintiff submitted additional evidence to the Social Security Appeals Council.

21   On January 8, 2008, plaintiff's treating physician, Dr. Gabriel Tanson, M.D., completed a form

22   needed to evaluate plaintiff's eligibility for public assistance.  Dr. Tanson checked boxes on that

23   form that stated, inter alia, that plaintiff was unable to work and that he required someone to be

24

25          [5]  A GAF score of 51-60 indicates ongoing "moderate symptoms (e.g. flat affect and
     circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or
     school functioning (e.g. few friends, conflicts with peers or co-workers."  Diagnostic and
26   Statistical Manual of Mental Disorders, Fourth Edition (DSM-IV), 32.

1    in his home to help care for him.  (AT 26.)

2            C.        Summary of the Appeals Council's Findings

3            The Appeals Council granted plaintiff's request for review of the ALJ's denial of

4    benefits.  (AT 7.)  The Appeals Council ultimately adopted the ALJ's findings and conclusions

5    that the claimant is not disabled, although the Appeals Council issued a slightly modified

6    decision.  (AT 8-9.)  The Appeals Council amended plaintiff's application date to April 29, 2005

7    and amended the Medical-Vocational Rule at issue from Rule 203.26 to Rule 202.18.  (AT 7-10.)

8    The Appeals Council adopted and incorporated the remaining findings and conclusions of the

9    ALJ into its decision.  (AT 8-10.)

10           The Appeals Council conducted the required five-step evaluation and concluded

11   that plaintiff was not disabled within the meaning of the Act.  (AT 30-43.)  At step one, the ALJ

12   found that plaintiff has not engaged in substantial gainful activity since April 29, 2005.  (AT 9,

13   32.)  At step two, the Appeals Council concluded that plaintiff had the severe impairments of

14   diabetes mellitus, depression and obesity.[6]  (Id.)  At step three, it determined that plaintiff's

15   impairments did not meet or medically equal one of the impairments listed in the applicable

16   regulations.  (AT 9, 33.)  The Appeals Council further determined that plaintiff had the RFC to

17   perform medium work, except that he was limited to performing simple, repetitive tasks

18   requiring only occasional public contact.  (AT 9, 34.)  The Appeals Council also limited plaintiff

19   to only occasionally climbing ladders, balancing, stooping, bending, kneeling, crouching and

20   crawling.  (Id.)  The Appeals Council further precluded plaintiff from working around heights,

21   moving machinery or hazards.  (Id.)

22           The Appeals Council found, at step four, that plaintiff was unable to perform any

23   past relevant work.  (AT 42.)  Finally, the Appeals Council found at step five that there are jobs

24

25           [6]  The ALJ also stated that "[w]hile the claimant has also alleged disabling asthma,
     hypertension, back pain, knee pain, wrist pain and diminished vision, I find no other severe
26   impairment here."  (AT 32.)

1   that exist in significant numbers in the national economy that the claimant could perform,

2   considering his age, education, work experience, testimony of the vocational expert and RFC.

3   (AT 42.)

4   II.    ISSUES PRESENTED

5           Plaintiff contends that the ALJ committed four principal errors in reviewing

6   plaintiff's claim.  (Dkt. No. 18 at 14.)  First, plaintiff argues that physician testimony was

7   improperly rejected.  Specifically, plaintiff argues (a) that the ALJ erred by failing to credit the

8   opinions of Dr. Forehand and a State agency physician even though the ALJ gave them

9   "significant" weight; and (b) that the Appeals Council improperly rejected plaintiff's treating

10   physician's opinion without a legitimate basis for doing so.  (Id.)  Second, plaintiff argues that

11   the ALJ rejected plaintiff's third party witness statements without germane and specific reasons

12   for doing so.  (Id.)  Third, plaintiff argues that the ALJ failed to properly question the vocational

13   examiner ("VE") and to credit that VE's responses to hypothetical questions.  (Id.)  Fourth,

14   plaintiff argues that the jobs identified by the vocational expert were not consistent with the

15   Dictionary of Occupational Titles.  (Id at 14-15.)

16   III.   STANDARDS OF REVIEW

17           The court reviews the Commissioner's decision to determine whether it is (1) free

18   of legal error; and (2) supported by substantial evidence in the record as a whole.  Bruce v.

19   Astrue, 557 F.3d 1113, 1115 (9th Cir. 2009); accord Vernoff v. Astrue, 568 F.3d 1102, 1105 (9th

20   Cir. 2009).  This standard of review has been described as "highly deferential."  Valentine v.

21   Comm'r of Soc. Sec. Admin., 574 F.3d 685, 690 (9th Cir. 2009).  "Substantial evidence means

22   more than a mere scintilla but less than a preponderance; it is such relevant evidence as a

23   reasonable mind might accept as adequate to support a conclusion."  Bray v. Comm'r of Soc.

24   Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting Andrews v. Shalala, 53 F.3d 1035,

25   1039 (9th Cir. 1995)); accord Valentine, 574 F.3d at 690 (citing Desrosiers v. Sec'y of Health &

26   Human Servs., 846 F.2d 573, 576 (9th Cir. 1988)).  "The ALJ is responsible for determining

1   credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews,

2   53 F.3d at 1039; see also Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) ("[T]he

3   ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence.").

4          Findings of fact that are supported by substantial evidence are conclusive.  42

5   U.S.C. § 405(g); see also McCarthy v. Apfel, 221 F.3d 1119, 1125 (9th Cir. 2000).  "Where the

6   evidence as a whole can support either a grant or a denial, [the court] may not substitute [its]

7   judgment for the ALJ's."  Bray, 554 F.3d at 1222 (citing Massachi v. Astrue, 486 F.3d 1149,

8   1152 (9th Cir. 2007)); see also Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir.

9   2008) ("'Where evidence is susceptible to more than one rational interpretation,' the ALJ's

10  decision should be upheld.") (quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)).

11  However, the court "must consider the entire record as a whole and may not affirm simply by

12  isolating a 'specific quantum of supporting evidence.'"  Ryan, 528 F.3d at 1198 (quoting

13  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)); accord Lingenfelter v. Astrue,

14  504 F.3d 1028, 1035 (9th Cir. 2007).

15  IV.    ANALYSIS

16         A.    The Consideration of Physician's Opinions

17         Plaintiff first contends that the ALJ erred by rejecting the opinions of certain

18  treating and examining physicians and psychologists without legally adequate reasons for doing

19  so. (Dkt. No. 18 at 15.)  Plaintiff specifically argues that the ALJ failed to incorporate into

20  plaintiff's RFC the fact that plaintiff would have interruptions in his workweek due to

21  psychologically based symptoms.  (AT 38.)

22         Where a treating or examining physician's opinion is uncontradicted by another

23  doctor, the Commissioner must provide "clear and convincing" reasons for failing to assign

24  controlling weight to the treating physician's *ultimate conclusions*.  Lester v. Chater, 81 F.3d

25  821, 830 (9th Cir. 1996) (emphasis added).  However, the ALJ need not give weight to

26  conclusory opinions supported by minimal clinical findings.  Meanel v. Apfel, 172 F.3d 1111,

1   1113 (9th Cir. 1999) (treating physician's conclusory, minimally supported opinion rejected); <u>see</u>

2   <u>also</u> <u>Magallanes v. Bowen</u>, 881 F.2d 747, 751 (9th Cir. 1989).

3             Plaintiff argues that Dr. Forehand's finding that plaintiff would continue to have

4   interruptions in the workday until he "better accepts and learns to cope with the diagnosis of his

5   serious physical illness," and the State agency physician's opinion that plaintiff was "moderately

6   limited" in his ability to complete a normal workweek without interruptions from psychologically

7   based symptoms should have been incorporated into his RFC.

8             The ALJ discussed these opinions, stating, inter alia:

9             Significant weight is given to [Dr. Forehand's] opinion, although I
              have not incorporated the opinion regarding interruptions in the

10            workday into the residual functional capacity, which was attributed
              to his "serious physical illness."  As discussed below, the

11            claimant's diabetes is well controlled, and his physical condition is
              essentially stable.

12

13   (AT 38.)  With respect to the State agency physician, the ALJ also stated that he gave "significant

14   weight to this opinion."  (<u>Id</u>.)

15            Yet in reviewing the ALJ's analysis, despite the assertions of "significant weight,"

16   the court finds that the ALJ failed, in contravention of Ninth Circuit law, to defer to the

17   uncontradicted opinions of the treating professionals.  <u>Lester</u>, 81 F.3d at 830-31.  Although the

18   ALJ provided a thorough and detailed opinion, one which appears to reach an accurate ultimate

19   conclusion, the ALJ's statement that he accorded significant weight to these physician's opinions

20   is inconsistent with the remainder of his findings regarding plaintiff's residual functional

21   capacity.[7]

22            As plaintiff contends, the ALJ's statement that he accorded Dr. Forehand's

23   opinion and that of the State agency physician significant weight is misleading and, in the final

24

25            [7] Although the ALJ accurately noted that the plaintiff's diabetes is itself well controlled,
     Dr. Forehand's opinion spoke to plaintiff's alleged inability to cope with the diagnosis of his

26   diabetes and not the seriousness of the illness itself.  (AT 162.)

8

1  analysis, at least facially inaccurate.  The ALJ did not reference or appear to give significant or

2  any other weight to the portion of Dr. Forehand's or the State agency physician's assessment that

3  plaintiff was facing moderate limitations in his ability to complete a workweek.  In the absence

4  of psychological opinions to the contrary, this constitutes error.

5         The Commissioner counters that even "assuming [p]laintiff's interpretation was

6  accurate, it stands to reason that any psychological ramifications resulting from the diagnosis of

7  the [plaintiff's] disease improved as the physical symptoms grew less problematic, as they did for

8  [p]laintiff."  (Dkt. No. 22 at 7.)  Although the Commissioner's analysis is reasonable, such

9  speculation about plaintiff's current condition reaches beyond the bounds of the record presented.

10         Further compounding the erroneous RFC computation is the ALJ's failure to

11  adopt relevant testimony from the VE.  The ALJ, despite his statement that he provided

12  significant weight to the aforementioned opinions, did not incorporate plaintiff's limitations in

13  his determination of plaintiff's RFC or in his hypothetical questions to the VE.  At the hearing,

14  the VE testified that if moderate limitations were incorporated into plaintiff's RFC, including a

15  workweek with interruptions from psychologically based symptoms, that plaintiff would "not be

16  able to do any of the jobs identified in [the previous] hypothetical."  (AT 239.)  "In determining a

17  claimant's RFC, an ALJ must consider all relevant evidence in the record, including, inter alia,

18  medical records, lay evidence and 'the effects of symptoms, including pain, that are reasonably

19  attributed to a medically determinable impairment.'"  Robbins v. SSA, 466 F.3d 880, 883 (9th

20  Cir. 2006) (citing SSR 96-8p, 20 C.F.R. §§ 404.1545(a)(3)).  With the record presented to the

21  ALJ, specific treatment of this testimony was required.

22         "Hypothetical questions posed to the vocational expert must set out all the

23  limitations and restrictions of the particular claimant . . . 'If the assumptions in the hypothetical

24  are not supported by the record, the opinion of the vocational expert that the claimant has a

25  residual working capacity has no evidentiary value.'"  Embrey v. Bowen, 849 F.2d 418, 422 (9th

26  Cir. 1988) (quoting Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984)).  Instead, the ALJ's

9

1    hypothetical to the VE was based on an incomplete or inaccurate statement of plaintiff's

2    limitations based on the record presented.  Accordingly, the VE's testimony that plaintiff could

3    work as a small parts assembler, fast food worker or general office helper are without evidentiary

4    value based upon the present record.  (AT 237-38.)

5                     Moreover, plaintiff's treating physician's opinion, although submitted to and

6    rejected by the Appeals Council, raises further ambiguity about the severity of plaintiff's

7    symptoms and additionally justifies remand for consideration of this evidence along with the

8    remainder of the record as a whole.  It may be, upon remand, that the ALJ finds that clear and

9    convincing evidence permits rejection of the plaintiff's treating physician's conclusions about the

10   extent of plaintiff's limitations.  Or, upon remand, the Commissioner may deem it necessary to

11   acquire additional testimony or evidence to incorporate into a RFC which accurately reflect's

12   plaintiff's mental limitations, if any.[8]

13                    Finally, plaintiff claims that the ALJ committed several other errors.  However,

14   the undersigned does not address those alleged errors in this order because the nature of the

15   remand ordered herein is of a sort that will likely impact the ALJ's sequential analysis from step

16   two through step five.  Moreover, because the remaining claims of error derive, at least in part,

17   from the errors addressed above, the undersigned need not address those alleged errors here.

18   V.     CONCLUSION

19                    Based on the foregoing, IT IS HEREBY ORDERED that:

20            1.      Plaintiff's motion for summary judgment or remand is granted in part.

21            2.      The Commissioner's cross-motion for summary judgment is denied.

22            3.      This matter be remanded for further proceedings pursuant to sentence four

23

24          [8] As plaintiff highlights, the social security regulations provide that the Commissioner
     will "seek additional evidence or clarification from your medical source when the report from
25   your medical source contains a conflict or ambiguity that must be resolved, the report does not
     contain all the necessary information, or does not appear to be based on medically acceptable
26   clinical and laboratory diagnostic techniques."  (Dkt. No. 18 at 18, citing 20 C.F.R. § 404.1512).

1    of 42 U.S.C. § 405(g).

2              4.     The Clerk of Court is directed to enter judgment in plaintiff's favor.

3    DATED:  September 21, 2010

 

 

 

                                    _____

7                            KENDALL J. NEWMAN
                           UNITED STATES MAGISTRATE JUDGE