1  BENJAMIN B. WAGNER
   United States Attorney
2  LUCILLE GONZALES MEIS
   Regional Chief Counsel, Region IX,
3  Social Security Administration
   JEAN M. TURK
4  Special Assistant United States Attorney

5     333 Market Street, Suite 1500
      San Francisco, California 94105
6     Telephone:  (415) 977-8935
      Facsimile:  (415) 744-0134
7     jean.tuek@ssa.gov

8  Attorneys for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**SACRAMENTO DIVISION**

| | |
|---|---|
| REGINALD R. BOLDEN,   )<br>                             )<br>      Plaintiff,     )<br>                             )<br>          v.             )<br>                             )<br>MICHAEL J. ASTRUE,  )<br>Commissioner of       )<br>Social Security,        )<br>                             )<br>      Defendant.   )<br>_____) | CIVIL NO. 2:09-cv-00787 KJN<br><br>STIPULATION AND ORDER APPROVING SETTLEMENT OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT |

       IT IS HEREBY STIPULATED by and between the parties, through their undersigned counsel, subject to the Court's approval, that Plaintiff be awarded attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in the amount of FOUR THOUSAND, TWO-HUNDRED DOLLARS AND NO CENTS ($4,200.00). This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d).

       After the Court issues an order for EAJA fees and expenses to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees and expenses to Plaintiff's attorney.  Pursuant to <u>Astrue v. Ratliff</u>, 130 S.Ct. 2521 (U.S. June 14, 2010), the ability to honor the assignment will depend on whether the fees and expenses are subject to any offset allowed under the United States Department

of the Treasury's Offset Program. After the order for EAJA fees and expenses is entered, the government will determine whether they are subject to any offset.

Fees and expenses shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Bess M. Brewer, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and expenses, and does not constitute an admission of liability on the part of Defendant under the EAJA. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees and expenses in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406, subject to the offset provisions of the EAJA.

Dated: December 22, 2010         */s/Bess M. Brewer*
                                 *(As authorized via email)*

                                 BESS M. BREWER
                                 Attorney for Plaintiff

                                 BENJAMIN B. WAGNER
                                 United States Attorney

Dated: December 23, 2010    By:  */s/ Jean M. Turk*
                                 JEAN M. TURK
                                 Special Assistant United States Attorney

### ORDER

Pursuant to the Stipulation filed by the parties, IT IS HEREBY ORDERED that plaintiff shall be awarded attorney fees in the amount of FOUR THOUSAND, TWO-HUNDRED DOLLARS AND NO CENTS ($4,200.00), as authorized by 28 U.S.C. § 2412(d), subject to the terms of the above-referenced Stipulation.

////

////

////

IT IS SO ORDERED.

DATED: December 27, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE